# UNITED STATES DISTRICT COURT
## Western District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| Micah Buitron | Case Number:    09CR00133RAJ-001 |
|  | USM Number:    39278-086 |
|  | Peter Camiel |
|  | Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation(s)   2, 3, 5, 6, 7, 8, 9   of the petitions dated 05/28/2015 and 07/31/2015

☐ was found in violation(s)   _____   after denial of guilt.

The defendant is adjudicated guilty of these offenses:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 2 | Leaving the judicial district without permission | 11/21/2015 |
| 3 | Accepting employment without approval from probation | 05/15/2015 |
| 5 | Failing to submit truthful monthly reports | 05/15/2015 |
| 6 | Failing to pay 10% of income to restitution | 05/15/2015 |
| 7 | Failing to answer truthfully to all inquiries | 05/15/2015 |
| 8 | Committing the crime of obstruction of justice | 06/19/2015 |
| 9 | Committing the crime of obstruction of justice | 07/22/2015 |

The defendant is sentenced as provided in pages 2 through 15 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has not violated condition(s)   1 and 4   and is discharged as to such violation(s).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Assistant United States Attorney

September 21, 2015
Date of Imposition of Judgment

Signature of Judge

Richard A. Jones, U.S. District Judge
Name and Title of Judge

Sept 21, 2015
Date

AO245D (Rev. 09/11) Judgment in a Criminal Case For Revocations
Sheet 2 — Imprisonment

Judgment — Page 2 of 15

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: _Sixteen (16) months_

☑ The court makes the following recommendations to the Bureau of Prisons:
- FCI Sheridan
- Maximum allowable halfway house time

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D   (Rev. 09/11) Judgment in a Criminal Case For Revocations
         Sheet 3 — Supervised Release

Judgment — Page **3** of **15**

DEFENDANT:     **Micah Buitron**
CASE NUMBER:   09CR00133RAJ-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : _**18 months**_ .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug and/or alcohol test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO245D    (Rev. 09/11) Judgment in a Criminal Case For Revocations
          Sheet 3C — Supervised Release

Judgment — Page 4 of 15

DEFENDANT:     **Micah Buitron**
CASE NUMBER:   09CR00133RAJ-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall allow a probation officer to inspect any personal computer owned or operated by the defendant.

The defendant shall consent to the U.S. Probation Office conducting ongoing monitoring of his/her computer(s), hardware, and software, and any/and all electronic devices/media. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allow evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or any/and all other electronic devices/media. The defendant shall also comply with the requirements of the U.S. Probation Computer Monitoring Program as directed.

The defendant's employment must be approved in advance by the probation officer. The defendant may not engage in any paid occupation or volunteer service that exposes him/her, either directly or indirectly, to minors, unless approved in advance by the probation officer.

The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's federal income tax returns.

The defendant shall disclose all assets and liabilities to the probation office. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.

If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available, for review, any and all documents and records of said business or enterprise to the probation office.

The defendant shall maintain a single checking account in his or her name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the probation office.

The defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport or any other form of identification in any other name other than the defendant's true legal name, without the prior written approval of the defendant's Probation Officer.

The defendant shall participate as directed in a mental health program approved by the United States Probation Office. The defendant must contribute towards the cost of any programs, to the extent the defendant is financially able to do so, as determined by the U.S. Probation Officer.

The defendant shall document to U.S. Probation his true and legal name. The defendant shall be required to conduct all business and financial transactions in his true and legal name.

The defendant shall obtain written leases for any and all commercial or residential properties he receives rental income from and provide all documents to probation for review.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

Restitution in the amount of $248,073.34 is due immediately. Any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of his or her gross monthly household income. Interest on the restitution shall not be waived.

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

The defendant shall submit his or her person, property, house, residence, storage unit, vehicle, papers, computers (as defined in 18 U.S.C.§ 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

AO245D   (Rev. 09/11) Judgment in a Criminal Case For Revocations
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 15

DEFENDANT:    **Micah Buitron**
CASE NUMBER:  09CR00133RAJ-001

# CRIMINAL MONETARY PENALTIES

|          | **Assessment** | **Fine** | **Restitution** |
|----------|----------------|----------|-----------------|
| **TOTALS** | $ 200 | $ Waived | $ 248,073.34 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.
   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Attached "Additional Restitution Payees" | 248,073.34 | 248,073.34 | |
| **TOTALS** | $ 248,073.34 | $ 248,073.34 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution
   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

☒ The court finds the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| 1stoplighting<br>Attn: Mihran Berejikian<br>2020 29th Street, Suite 201<br>Sacramento, CA 95817 | $11,961.04 | $11,961.04 | |
| ACE Hardware<br>Attn: Angelo Grasso<br>347 Knickerbocker Ave<br>Brooklyn, NY 11237 | $1,395.23 | $1,395.23 | |
| Acu-Market<br>Attn: Jason Nochimson<br>3547 Highridge Road<br>Boynton Beach, FL 33436 | $804.60 | $804.60 | |
| Affordable Lamps<br>Attn: Mark Sadighpour<br>11022 Santa Monica<br>Boulevard, No. 410<br>Los Angeles, CA 90025 | $356.40 | $356.40 | |
| Alcatraz Media, Inc.<br>Attn: Barbara Windsor<br>3850 Holcomb Bridge Road,<br>No. 245<br>Norcross, GA 30092 | $681.10 | $681.10 | |
| Alford I-Enterprises<br>Attn: Tamikia Alford<br>3000 Pigeon Hawk<br>CourtOrlando, FL 32829 | $912.95 | $912.95 | |
| Almont Pool & Spa No. 2<br>3519 Van Dyke Road<br>Almont, MI 48003-8057 | $2,350.27 | $2,350.27 | |
| American 3B Scientific<br>Attn: Shelly Chapman<br>2189 Flinstone Drive #O<br>Tucker, GA 30084 | $875.88 | $875.88 | |

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

| | | |
|---|---|---|
| Anthro Corporation<br>Technology Furniture<br>Attn: Susan Clemo<br>10450 SW Manhasset Dr.<br>Tualatin, OR 97062 | $473.93 | $473.93 |
| Aquarius Enterprises<br>Attn: Deborah Beam<br>105 W NC 54, No. 245<br>Durham, NC 27713 | $815.52 | $815.52 |
| Aubuchon Hardware<br>Attn: Brenda Keating<br>95 Aubuchon Drive<br>Westminster, MA 01743 | $739.95 | $739.95 |
| Bathroom Getaways<br>Attn: Ted Hust<br>840 West Circle Drive<br>Vestal, NY 13850 | $1,904.00 | $1,904.00 |
| Bernell Vision Training<br>4016 North Home Street<br>Mishawaka, IN 46545 | $4,175.44 | $4,175.44 |
| Best Priced Furniture<br>Attn: Loren Pleet<br>23505 Crenshaw Blvd #149<br>Torrence, CA 90505 | $3,705.00 | $3,705.00 |
| Best Priced Products<br>P.O. Box 1174<br>White Plains, NY 10602 | $357.01 | $357.01 |
| Board Game Revolution<br>Attn: Brant Jarrett<br>293 E 930 South<br>Orem, UT 84058 | $2,296.33 | $2,296.33 |
| Build Direct<br>Attn: Natalie Ku<br>1900 570 Granville Street<br>Vancouver, BC V8C 3P1 | $4,393.00 | $4,393.00 |

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

| Payee | Amount | Amount |
|---|---|---|
| Carolina Biological<br>2700 York Road<br>Burlington, NC 27215 | $8,604.38 | $8,604.38 |
| Crime Scene<br>Attn: Tom Arriolla<br>3440 North 16th, #4<br>Phoenix, AZ 85016 | $303.06 | $303.06 |
| DME Direct<br>Attn: Andrew Everett<br>28486 Westinghouse Pl, #120<br>Valencia, CA 91355 | $519.22 | $519.22 |
| Dock 1<br>Attn: Sherri Pollack<br>119 East King<br>Johnson City, TN 37601 | $1,593.06 | $1,593.06 |
| Drill Spot<br>Attn: Jennifer Conaway<br>5603 Arapahoe Ave, #6<br>Boulder, CO 80303 | $414.72 | $414.72 |
| Early Bird Shops<br>Attn: Brandon Reid<br>6100 Enterprise Drive #A<br>Diamond Springs, CA 95619 | $1,049.00 | $1,049.00 |
| Eimprovements<br>Attn: Nick Fox<br>P.O. Box 044271<br>Racine, WI 53404 | $13,532.90 | $13,532.90 |
| EMCOC, LLC<br>Attn: Michael Aiello<br>2 Karides Village Dr #213<br>Seymour, CT 06438 | $594.36 | $594.36 |
| Ennovation<br>Attn: Cyndi Schmidbauer<br>5 W Chestnut Ave<br>Merchantville, NJ 08109 | $592.00 | $592.00 |

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

| Payee | Amount | Amount |
|---|---|---|
| Exclusively Home<br>Attn: Stan Valiulis<br>1400 Eddy Ave<br>Rockford, IL 61103 | $11,589.00 | $11,589.00 |
| Expedia<br>333 108th NE<br>Bellevue, WA 98004 | $890.85 | $890.85 |
| Factory Express<br>Attn: Natalie Sherrod<br>3505 Constitution Ave NE<br>Albuquerque, NM 87106 | $2,050.07 | $2,050.07 |
| Frame Displays<br>Attn: Dawn Tuzo<br>45945 Trefoil Ln, #169<br>Sterling, VA 20166 | $3,663.62 | $3,663.62 |
| Furney's Nursery<br>21215 International Blvd<br>Des Moines, WA 98198 | $1,280.55 | $1,280.55 |
| Game Cabinets Inc.<br>Attn: Philipp Schuessler<br>19510 144th NE, Ste A-7<br>Woodinville, WA 98072 | $3,256.56 | $3,256.56 |
| Good-Lite Company<br>Attn: Tim Collins<br>1155 Jansen Farm Road<br>Elgin, IL 60123 | $1,578.50 | $1,578.50 |
| H2O Instruments<br>Attn: Clyde Brizio<br>2380 Pawtucket Ave<br>East Providence, RI 02914 | $529.51 | $529.51 |
| Home Everything<br>Attn: Jamie Blake<br>1202 Lexington Ave, #1000<br>New York, NY 10028 | $1,753.00 | $1,753.00 |
| IKEA<br>601 SW 41st<br>Renton, WA 98057 | $1,969.52 | $1,969.52 |

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

| | | |
|---|---|---|
| Improvement Direct<br>Attn: Hope Maderos<br>P.O. Box 7990<br>Chico, CA 95927 | $20,304.61 | $20,304.61 |
| InMod<br>Attn: Elaine Larua<br>1 Madison St, Sec F-3<br>East Rutherford, NJ 07073 | $4,362.00 | $4,362.00 |
| KeyMat<br>Attn: Jim Matthys<br>P.O. Box 49<br>St. Charles, IL 60174 | $368.54 | $368.54 |
| Lhasa OMS<br>230 Libbey Pkwy<br>Weymouth, MA 02189 | $1,061.50 | $1,061.50 |
| Lighting Showroom<br>Attn: Anita Turner<br>1843 Broadway Ave<br>Boise, ID 83706 | $2,053.08 | $2,053.08 |
| Lowes<br>Attn: Civil Demand and Restitution<br>P.O. Box 1000-A2ELP<br>Mooresville, NC 28115 | $491.68 | $491.68 |
| MASS Group, Inc.<br>8345 NW 66th St., #5026<br>Miami, FL 33166 | $1,280.08 | $1,280.08 |
| MedSpa<br>Attn: Carlotta Crossley<br>10733 Del Rudini Street<br>Las Vegas, NV 89141 | $327.29 | $327.29 |
| Modern Collections<br>6736 Preston #D<br>Livermore, CA 94551 | $4,414.00 | $4,414.00 |

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

| | | |
|---|---|---|
| Nasco Modesto<br>Attn: Mary Addison<br>P.O. Box 3837<br>4825 Stoddard Rd<br>Modesto, CA 95356 | $834.59 | $834.59 |
| National Pool<br>P.O. Box 3222<br>Okeechobee, FL 34973 | $2,399.00 | $2,399.00 |
| Northline Express<br>Attn: Sue Lundy<br>P.O. Box 688<br>Roscommon, MI 48653 | $1,115.08 | $1,115.08 |
| Our Health Network<br>Attn: Dr. Paul Kasdan<br>3149 Dundee Road, #268<br>Northbrook, IL 60062 | $610.63 | $610.63 |
| Precision Vision<br>Attn: Sue Egan<br>944 First Street<br>LaSalle, IL 61301 | $743.07 | $743.07 |
| PenHealth<br>Attn: Martyn Shine<br>3a Park Lane Business Ctr<br>Nottingham, UK NG6 0DU | $119.95 | $119.95 |
| QCI Direct (Home Trends)<br>P.O. Box 20403<br>New York, NY 14602 | $89.95 | $89.95 |
| Quality Kitchens<br>Attn: Roseann Smith<br>1949 Fireside<br>Casselberry, FL 32707 | $1,266.00 | $1,266.00 |
| Richmond Products, Inc.<br>Attn: Elizabeth Powell<br>4400 Silver Ave SE<br>Albuquerque, NM 87108 | $1,541.29 | $1,541.29 |
| Safe Home<br>Attn: William Staib<br>3578 Perch Drive SE<br>Iowa City, IA 52240 | $1,886.54 | $1,886.54 |

DEFENDANT: **Micah Buitron**
CASE NUMBER: 09CR00133RAJ-001

| | | |
|---|---|---|
| Sammons Preston<br>Attn: Michael Tomola<br>1000 Remington Blvd, #210<br>Bollingbrook IL 60440 | $3,705.71 | $3,705.71 |
| Scopes N More<br>Attn: Goldie Talley<br>6205 Joe Lane<br>Nampa, ID 83687 | $570.00 | $570.00 |
| Simply Vacuums<br>Attn: Rich Woodis<br>21897 S. Diamond Lake<br>Rogers, MN 55277 | $870.39 | $870.39 |
| Smart Bargains<br>Attn: Seth Gotchur<br>10 Milk Street<br>Boston, MA 02108 | $668.98 | $668.98 |
| Smart Draw<br>Attn: Peggy Foster<br>9909 Mira Mesa Blvd<br>San Diego, CA 92131 | $197.00 | $197.00 |
| Stereo Optical<br>Attn: Mackenzie Rakers<br>8623 Bryn Mawr Ave, #502<br>Chicago, IL 60631 | $1,054.12 | $1,054.12 |
| Stubbs Equine Innovation<br>Attn: Dr. R. Clay Stubbs<br>5050 Kingsley Drive<br>Cincinnati, OH 45263-5300 | $214.00 | $214.00 |
| Todd Harmon, Inc.<br>Attn: Chuck Wheeler<br>227 N El Camino Real, #106<br>Encinitas, CA 92024 | $3,899.00 | $3,899.00 |
| Travelocity<br>Attn: Jack Rosengren<br>3150 Sabre Drive<br>Southlake, TX 76092 | $539.30 | $539.30 |

DEFENDANT:     **Micah Buitron**
CASE NUMBER:   09CR00133RAJ-001

| Payee | Amount | Amount |
|---|---|---|
| United Parcel Service<br>Attn: Tom Stewart<br>13035 Gateway Dr. S, #149<br>Seattle, WA 98168 | $74,375.20 | $74,375.20 |
| Vata<br>Attn: Joann Roper<br>308 S. Sequoia Pkwy<br>Canby, OR 97013 | $537.04 | $537.04 |
| Ward's Natural Science<br>Attn: Steve Hubright<br>P.O. Box 92912<br>Rochester, NY 14692 | $2,957.84 | $2,957.84 |
| WKH Lippencott<br>Attn: Joann Houpt<br>161 W. Washington St, #1100<br>Conshohocken, PA 19428 | $15,114.29 | $15,114.29 |
| Zoobler, Inc.<br>Attn: Thomas Olphie<br>29374 N. Silver Meadows Lp<br>Athol, ID 83801 | $3,690.06 | $3,690.06 |
| American Express Security<br>Attn: Lise Lee<br>888 S. Figueroa St, Ste 1770<br>Los Angeles, CA 90017 | $13,656.36 | $13,656.36 |
| **Totals** | **$248,073.34** | **$248,073.34** |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      **Micah Buitron**
CASE NUMBER:    09CR00133RAJ-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid to
Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

  ☒ During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

  ☒ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

  ☐ During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.